UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN A. HAWKINS,                )
                                )
          Petitioner,           )
                                )     CAUSE NO. 3:14-CV-185 JM
     v.                         )
                                )
SUPERINTENDENT,                 )
                                )
          Respondent.           )

## OPINION AND ORDER

John A. Hawkins, a pro se prisoner, filed a habeas corpus petition (DE # 1) challenging the prison disciplinary hearing (ISP 13-08-332) where an Indiana State Prison Disciplinary Hearing Officer (DHO) found him guilty of Trafficking in violation of A-113. On September 11, 2013, he was sanctioned with the loss of 90 days earned credit time and demoted to credit class 2. In his petition, Hawkins raises six grounds.

In Ground One, Hawkins alleges that there was insufficient evidence to find that he Trafficked. "[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted). Here, the evidence shows that Hawkins was sent a greeting card containing heroin. He argues that anyone could have sent the heroin and that nothing proves that he knew anything about it. However, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the

one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). It was a reasonable inference for the DHO to have concluded that Hawkins was involved in Trafficking because heroin was sent to him, therefore the decision was not arbitrary and Ground One is not a basis for habeas corpus relief.

In Ground Two, Hawkins argues that the superintendent was involved in the investigation of his case and therefore should not have presided over his disciplinary appeal. "Due process requires disqualification of a decisionmaker who was directly or substantially involved in the underlying incident," *Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009), however, the superintendent was not the decisionmaker. The decisionmaker (the DHO) in this case was a different person. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) identified rights related to the disciplinary hearing itself, but it did not provide for any procedural rights on appeal, nor even for a right to appeal at all. The Seventh Circuit has explained that *Wolff* set the limits of due process in prison disciplinary cases and they should not be expanded. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Though it would certainly be a better practice for appeals to also be heard by a person who was not involved in an incident or its investigation, that is not required. Therefore Ground Two is not a basis for habeas corpus relief.

In Ground Three, Hawkins argues that he was denied the ability to submit exculpatory evidence. An inmate has a right to present relevant, exculpatory evidence during a prison disciplinary hearing. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, prisoners do not have the right to present evidence which "would be

irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). Due process only requires access to witnesses and evidence that are exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). Moreover, the denial of evidence is harmless unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Here, Hawkins wanted to present letters stating that it had not been determined why the drugs were sent and that his name had been falsely used before. However, such evidence would not have been exculpatory in that it would not have undermined the fact that heroin had actually been sent to him at the prison. Therefore it was not a due process violation to have excluded such evidence and Ground Three is not a basis for habeas corpus relief.

In Ground Four, Hawkins argues that he should have been given a copy of the evidence card showing a chain of custody for the greeting card and heroin. However, "[a]bsent some affirmative indication that a mistake may have been made, [the] hypothetical possibility of tampering does not render evidence inadmissible, but goes instead to the weight of the evidence." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000). Here, photographs of the envelope, the greeting card, the heroin, and the test results were all submitted at the hearing. (DE # 14-3 at 3-9.) There is no affirmative

indication of a mistake, so the lack of a chain of custody report is not a basis for habeas corpus relief.

In Ground Five, Hawkins argues that the heroin should have been tested by an outside laboratory. However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Though prisoners have a right to submit relevant exculpatory evidence, they do not have the right to create evidence which does not already exist because "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Id. See also Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . .."); *Rhatigan v. Ward*, 187 Fed. Appx. 889, 890-891 (10th Cir. 2006); and *Arthur v. Ayers*, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (inmates not entitled to laboratory testing of substances). Therefore, Ground Five is not a basis for habeas corpus relief.

In Ground Six, Hawkins argues that the DHO was biased and prejudiced against him.

> An inmate facing disciplinary charges has the right to an impartial decisionmaker. *Wolff*, 418 U.S. at 571. But "the constitutional standard for impermissible bias is high," *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003), and an adjudicator is entitled to a presumption of "honesty and integrity" absent clear evidence to the contrary, *see Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975). Due process requires disqualification of a decisionmaker who was directly or substantially involved in the underlying incident, *Gaither*, 236 F.3d at 820, and we have assumed that a decisionmaker might likewise be impermissibly biased if his spouse is a crucial witness in the proceeding, *see Eads v. Hanks*, 280

4

F.3d 728, 729 (7th Cir. 2002). A hearing officer is not automatically deemed biased, however, simply because he adjudicated or was involved in a previous disciplinary charge against the prisoner. *See Piggie*, 342 F.3d at 666-67; *Pannell*, 306 F.3d at 502.

*Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009). Here, there is no indication that the DHO was a witness to the event or involved in its investigation. Neither has Hawkins demonstrated a due process violation. Therefore Ground Six is not a basis for habeas corpus relief.

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case.

                                              **SO ORDERED.**

Date: March 8, 2016

                                        s/James T. Moody_____
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT